## MURPHY v. CRAYTON ET AL.

BILL OF EXCEPTIONS.—*Dismission of Attachment.*—When there is no bill of exceptions, the Supreme Court will presume in favor of the action of the court below in sustaining a motion to dismiss an attachment.

From the Fountain Circuit Court.

*H. H. & T. L. Stilwell, G. W. Paul, S. F. Wood* and *H. H. Dochterman*, for appellant.

*Tipton & Miller*, for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees, commenced in the court of a justice of the peace. An attachment was sued out by the plaintiff, and the goods of the defendants were seized. A claim was filed under the attachment to an amount exceeding the jurisdiction of the justice of the peace, and he certified the cause to the

circuit court, according to the act of 1859, Acts 1859, p. 95, 2 G. & H. 150, note *b.*

In the circuit court, the record shows the following entry: "And the defendants, by Tipton & Miller, their attorneys, moved the court to dismiss the attachment in this cause, which motion is sustained. To which ruling of the court the plaintiff at the time excepted." There is no bill of exceptions. It is urged by counsel for appellees that the question is not presented in the absence of a bill of exceptions. Counsel for appellant urge that the affidavit is sufficient, and state that the attachment was dismissed for alleged insufficiency thereof. But as the ground on which the court made the order does not appear, we must presume that it was for some sufficient reason. *Conoway* v. *Weaver,* 1 Ind. 263; *Dritt* v. *Dodds,* 35 Ind. 63.

The judgment is affirmed, with costs.